CRAWFORD, Chief Judge
(concurring in the result):
While I agree with the result reached by the majority, I disagree with their rationale. In my view, it is inherently illogical to separate questions of notice and service-discrediting conduct into two distinct inquiries because each question is intertwined with and dependent upon the other.
Clause 2 of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934 (2002), states that “all conduct of a nature to bring discredit upon the armed forces,” though not specifically criminalized by another UCMJ Article, “shall be taken cognizance of by a ... court-martial ... and shall be punished at the discretion of that court.” Thus, in contrast to most criminal statutes that speak in terms of prohibited acts, clause 2 of Article 134 speaks in general terms of acts which create a prohibited effect.
Nonetheless, Article 134 is not void for vagueness under the Due Process Clause of the Fifth Amendment. Parker v. Levy, 417 U.S. 733, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974) (holding judicial constructions of Article 134 have narrowed the reach of its broad language and supplied examples of the conduct it covers). Thus, the question in this case is whether Appellant was fairly on notice that her conduct created the prohibited effect, i.e. was service-discrediting within the meaning of Article 134. If she was, then she could be prosecuted under that Article.
In her brief, Appellant argues in the alternative: First, that she was not on notice her *41 conduct was subject to prosecution under Article 134, and second, that her conduct was not service-discrediting. The majority accepts these arguments as distinct, and addresses them individually. As to the lack-of-notice argument, the majority recognizes that “child neglect is not specifically listed in the [Manual for Courts-Martial, United States (2002 ed.) ] as an Article 134 offense,” and that it has to “look elsewhere to determine whether Appellant should have reasonably contemplated that her conduct was subject to criminal sanetion[.]” 58 M.J. at 31.
Looking elsewhere (i.e. — military case law, 34 state statutes criminalizing child neglect, and DOD regulations evidencing a military custom of protecting dependents), the majority finds that when these sources are “addressed together, Appellant should reasonably have understood that her contemplated conduct was subject to military criminal sanction.” Id. at 33.
As to the non-service-discrediting argument, the majority states:
Whether a given act of “child neglect” amounts to criminal conduct under Article 131 will invariably present questions of fact for the trier of fact to determine. This will be equally true of the second part of the test: whether the conduct was discrediting.
Id. at 36 (emphasis added). The majority then concludes “Appellant’s plea was provident regarding the service-discrediting element of the offense.” Id. at 36. In reaching this conclusion, the majority focuses on the fact that Appellant violated military custom, and did so abroad.
Thus, the majority clearly states there is a two-part test. First, an accused must be on notice that her conduct can be prosecuted under Article 134. And second, assuming the accused is on notice, her conduct must be service-discrediting. Yet how can an accused (1) be on notice that her conduct is punishable under clause 2 of Article 134, while (2) it still must be determined whether her conduct created the prohibited effect, i.e. — service-discredit? In my view, that is not possible.
Clause 2 of Article 134 punishes only service-discrediting conduct. Therefore, it is impossible to be on notice one’s conduct violates clause 2 of Article 134 without also being on notice the conduct is service-discrediting within the meaning of the statute. Stated differently, there simply is no way the first prong of the majority’s test can be satisfied without the second prong of the test also being satisfied — and that is because they are intertwined components of the same analysis. I cannot imagine a conclusion by this Court that an accused was on notice his or her conduct could be prosecuted under Article 134, but that the conduct was not service-discrediting.
Thus, while I agree with the result in this case, I reach that result in a different manner. As stated earlier, the only question is whether Appellant was fairly on notice that her conduct was service-discrediting within the meaning of Article 134. See United States v. Sullivan, 42 M.J. 360, 366 (C.A.AF.1995)(whether reasonable officer would know his conduct was service-discrediting); United States v. Guerrero, 33 M.J. 295, 297 (C.M.A.1991) (“appellant was on notice that conduct which ... brings discredit upon the Navy is an offense under Article 134.”).
To answer that question, it is important first to note that the inquiry is an objective one. It is not whether Appellant was on notice that conduct like hers was service-discrediting under Article 134, but rather, whether a reasonable enlisted person would be on notice that conduct like Appellant’s was service-discrediting and, therefore, was punishable under Article 134. See Sullivan, 42 M.J. at 366 (whether “reasonable officer” knew the conduct was service-discrediting under Article 134); United States v. Hartwig, 39 M.J. 125, 130 (C.M.A.1994)(“Any reasonable officer would recognize that [the conduct in issue] would risk bringing disrepute upon himself and his profession,” in violation of Article 133, UCMJ, 10 U.S.C. § 933.) (emphasis added); United States v. Frazier, 34 M.J. 194, 198-99 (C.M.A.1992)(“a reasonable military officer would have no doubt that the activities charged in this case constituted *42 conduct unbecoming an officer”)(emphasis added & footnote omitted).
Whether a reasonable enlisted person would know that conduct like Appellant’s was service-discrediting within the meaning of Article 134 depends on what “service-discrediting” means. It means “conduct which has a tendency to bring the service into disrepute or which tends to lower it in public esteem.” Manual for Courts-Martial, supra at Part IV, para. 60.c.(3).
As a result, the question finally becomes: Would a reasonable enlisted person fairly be on notice that conduct such as Appellant’s could be punished under Article 134 as tending to bring the service into disrepute or lower it in public esteem? The answer to that is yes, for all the reasons cited by majority, and also because this Court already has stated:
Article 134 would appear to encompass two general classes of conduct: First, that which is or generally has been recognized as illegal under the common law or under most statutory criminal codes; and, second, that which — however eccentric or unusual — would not be viewed as criminal outside the military context. The former category is prejudicial to good order and discipline or is service-discrediting for the very reason that it is (or has been) generally recognized as illegal; such activity, by its unlawful nature, tends to prejudice good order or to discredit the service. On the other hand, the latter category is illegal solely because, in the military context, its effect is to prejudice good order or to discredit the service.
United States v. Davis, 26 M.J. 445, 448 (C.M.A.1988). See also United States v. Foster, 40 M.J. 140, 143 (C.M.A.1994)(“enumerated articles [of the UCMJ] are rooted in the principle that such conduct per se is either prejudicial to good order and discipline or brings discredit to the armed forces”). Appellant’s conduct clearly falls into the category of “generally recognized illegal” conduct and is, therefore, per se service-discrediting.